## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. CR-07-09-F |
| ) | CIV-08-173-F |
| RICHARD JOSEPH WHITBURN, ) | |
| ) | |
| Defendant. ) | |

### ORDER

On February 19, 2008, defendant filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (doc. no. 25). He also filed an Application to Proceed Without Prepayment of Fees and Affidavit (doc. no. 26). Upon review of the motion and files and records, the court concludes that no response from the government or a court hearing as requested by defendant is required.[1]

Defendant pled guilty to an information charging defendant with one count of wire fraud in violation of 18 U.S.C. § 1343 and one count of money laundering in violation of 18 U.S.C. § 1957(a). The court sentenced defendant to a term of imprisonment for 30 months and a term of supervised release for 2 years, for each count, with both terms to run concurrently. As part of the judgment, defendant was ordered to pay restitution in the amount of $684,015.11 and a special assessment of $200. A second amended judgment was entered on June 15, 2007. Defendant did not appeal his conviction or sentence.

---

[1] Defendant's request for a court hearing is denied.

On July 13, 2007, the Financial Litigation Unit of the United States Attorney's Office sent a Notice of Intent to Offset, stating that it was responsible for collecting the restitution debt and urging defendant to pay the debt immediately. In the notice, it warned:

> If you do not pay your debt, Federal law allows agencies to refer debts to the United States Department of the Treasury for the purpose of collecting debts through the Treasury Offset Program. Under this program, the Department of Treasury will reduce or withhold any of your eligible Federal payments ... by the amount of your debt. This "offset" process is authorized by the Debt Collection Act of 1982, as amended by the Debt Collection Improvement Act of 1996, and the Internal Revenue Code.

*See*, Exhibit F to defendant's motion.

According to defendant, on or about February 1, 2008, 25% of his monthly federal retirement payment was taken pursuant to the offset program. Defendant contends that the government's offset of his restitution obligation by withholding the federal payment owed to him was in violation of the judgment entered on June 15, 2007. Defendant asserts that the judgment requires of him to participate in the Inmate Financial Responsibility Program, if eligible, and provides that if restitution is not paid in full at the time of release, defendant is to make payments the greater of $400.00 per month or not less than 10% of defendant's gross monthly income as directed by the probation officer. Defendant states that he is participating in the Inmate Financial Responsibility Program as required and is current under that program. Defendant maintains that his restitution payment is not in default pursuant to 18 U.S.C. § 3752(i) unless the payment is delinquent for more than 90 days. According to defendant, the government has violated § 3752(i) as well as 18 U.S.C. § 3752(a) in offsetting the federal payment.

Case 5:07-cr-00009-F   Document 29   Filed 03/14/08   Page 3 of 5

From a review of defendant's motion, it appears to the court that defendant is attacking the execution of his sentence with regard to restitution payments. The appropriate vehicle for challenging the execution of a sentence is a 28 U.S.C. § 2241 petition filed in the district court where defendant is confined. Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). According to defendant's motion, defendant is confined in "FCI Forth Worth." *See*, defendant's motion, p. 1. Therefore, to the extent defendant is challenging the execution of his sentence under § 2241, the court finds that such matter should be dismissed without prejudice as the matter is not properly filed in this court.

To the extent that defendant is challenging the validity or legality of his sentence in regard to restitution (i.e., his restitution is due immediately), the court concludes that defendant cannot challenge the restitution under § 2255 because he is not claiming the right to be released from custody based upon that claim.[2] *See*, 28 U.S.C. § 2255; United States v. Bernard, 351 F.3d 360, 361 (8th Cir. 2003), citing cases, *cert. denied*, 541 U.S. 1000 (2004).

To the extent that defendant may permissibly proceed with his challenge to restitution under § 2255, the court concludes that defendant's challenge is without merit. The judgment stated that the defendant's entire restitution obligation was due immediately. Defendant's participation in the Inmate Financial Responsibility program, and the monthly payment provision (which takes effect upon defendant's release from confinement), do not impair or otherwise affect the statutory collection remedies of the federal government. To the extent he is challenging the validity or

---

[2] In his motion, defendant requests the court to release him to "strict house arrest" if the restitution may be paid from his retirement funds. The court however does not conclude from such request that defendant is asking for release from custody based upon the restitution portion of his sentence.

-3-

legality of his sentence in regard to restitution under § 2255, the court concludes that the same should be denied.

In his motion, defendant has requested the appointment of counsel. The court, however, concludes that the request should be denied. There is no right to the appointment of counsel in collateral proceedings. U.S. v. Prows, 448 F.3d 1223, 1229 (10th Cir. 2006). In addition, no evidentiary hearing is required in this case. Rules Governing § 2255 Proceedings for the United States District Courts, Rule 8(c) (requiring appointment for evidentiary hearing). Section 3006A (a)(2)(b) of Title 18 of the United States Code allows the appointment of counsel in a § 2255 proceeding in the "interests of justice." The court concludes that the interests of justice do not warrant the appointment of counsel. The court has concluded that defendant's motion lacks merit. The court finds that defendant is capable of articulating and presenting his case and that the legal issues raised by the motion are not complex. The court further concludes that defendant does not require the assistance of counsel to provide the factual information relevant to his motion.

Defendant has also filed an application to proceed without prepayment of fees. Under 28 U.S.C. § 1915(a)(1), a district court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." In this case, granting defendant's motion at this point would only authorize the commencement of defendant's § 2255 proceeding without prepayment of fees or security. However, there is no filing fee or court costs associated with a § 2255 proceeding. *See,* Rules Governing § 2255 Proceedings, R. 3, Adv. Comm.1976 Adoption ("There is no filing fee required of a

movant under these rules [governing § 2255 proceedings].")  As such, defendant's motion to proceed without prepayment of filing fees is moot.

To the extent defendant is seeking leave to proceed without prepayment of fees in regard to any § 2241 petition, the court concludes that the application should be denied as the § 2241 matter may not be pursued in this court.

IT IS THEREFORE ORDERED that, to the extent defendant is challenging the execution of his sentence under § 2241, the matter is **DISMISSED WITHOUT PREJUDICE**.

IT IS ALSO ORDERED that, to the extent defendant is challenging the validity or legality of his sentence in regard to restitution under § 2255, the matter is **DENIED**.

IT IS ADDITIONALLY ORDERED that defendant's requests for a court hearing and appointment of counsel are **DENIED**.

IT IS FURTHER ORDERED that Application to Proceed Without Prepayment of Fees and Affidavit (doc. no. 26) is **DENIED** as moot.

Entered this 14th day of March, 2008.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

07-0009p004.wpd